HOWARD v. ETCHIESON.

5-1478                                     310 S. W. 2d 473

Opinion delivered March 3, 1958.

*James M. Gardner,* for appellant.

*Marcus Evrard* and *Max B. Harrison,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is a suit by seventeen residents and home owners in the city of Blytheville, Arkansas, to enjoin appellants from building and establishing a funeral home in a strictly residential section of the city. The appeal is from a decree granting the relief prayed.

Appellants applied to the City Engineer for a permit to construct the funeral home pursuant to an ordinance which makes it unlawful to erect any building to be used for business purposes in a residential section, where property owners in the immediate vicinity protest, until a permit to do so is granted by the City Council. At a hearing before the Council at an adjourned meeting on November 19, 1956, a motion to deny the permit failed to pass by a vote 2 to 5, whereupon the Mayor declared the permit would be granted. All eight members of the council waived notice of a special meeting held December 3, 1956, at which a motion was made to revoke the permit previously granted. When the motion was put to a vote four of the six aldermen present voted for it, one against it and one abstained from voting. The Mayor expressed the belief that it required a majority of the elected aldermen to constitute a majority on any issue and indicated he would seek legal advice as to the validity of the proceedings.

Appellees, who own homes in the immediate vicinity of the lot upon which appellants proposed to construct the funeral home, filed the instant suit on December 18, 1956, alleging that the City Engineer acted without proper authority in issuing a permit; and that the establishment of a mortuary or funeral home on the lot in question would create and constitute a nuisance causing irreparable injury to appellees. Appellants' answer contained a general denial and a reliance on the permit issued to them by the City Engineer.

The case was heard on the pleadings and certain stipulations and admissions of fact. It was agreed that

the testimony of appellees and other witnesses on their behalf would be to the effect that the funeral home would be located in the midst of a growing residential section of the highest type; that appellees had bought and constructed homes in the area because of its character as a purely residential section; that establishment of the funeral home would lower the value of appellees' properties, be a constant reminder of death and very depressing, would restrict the play and activities of children in the neighborhood; and that it would have an adverse effect generally on the comfort and health of appellees and the use and enjoyment of their properties. It was also admitted that appellants' ambulances would be equipped with sirens which would sometimes be used in making emergency calls and that appellants had notice of appellees' objections to the project before they purchased the proposed site for the funeral home. Appellants offered no proof in rebuttal of this evidence.

In the decree enjoining appellants from building a funeral home on the lot in question the Chancellor found that the issuance of the permit by the City Engineer was without proper authority. Appellants earnestly insist this was error and that, the permit being legal, appellees' petition should have been dismissed for failure to prove a cause of action. On this trial *de novo* we find it unnecessary to determine whether the permit was either validly issued or effectively revoked at the subsequent special council meeting. An unrevoked permit issued by the city would not in itself constitute a defense to appellees' suit to enjoin a nuisance. In *Jones v. Kelley Trust Co.*, 179 Ark. 857, 18 S. W. 2d 356, a permit had been granted by a city commission to a company to operate a quarry and rock crusher and we held this was no defense to the company in a suit to enjoin such operation as a nuisance. See also, *Fort Smith v. Western Hide and Fur Co.*, 153 Ark. 99, 239 S. W. 724, and cases from other jurisdictions to the same effect cited in 66 C. J. S., Nuisances, Sec. 120. So here, the mere fact that appellants held a permit from the city would not bar appellees' right to enjoin the establishment of the funeral home if it constituted a nuisance.

According to the undisputed proof the proposed establishment of the funeral home by the appellants in an exclusively residential district constituted a nuisance which might be enjoined under this court's holding in *Powell* v. *Taylor,* 222 Ark. 896, 263 S. W. 2d 906. There the area involved was held to be essentially, though not exclusively, residential. Also the evidence was in sharp dispute as to whether property values would be adversely affected and some of the residents involved had no objection to the proposal.

We find nothing in Act 241 of 1957, relied on by appellants, that deprives appellees of their right to maintain the instant suit. This act declares a funeral home to be a "service institution" when conducted in the manner set forth therein, but this does not mean that its establishment cannot be declared a nuisance and enjoined or abated. The erection of a church tabernacle or similar service institution may be enjoined if it is certain to become a nuisance. *Murphy* v. *Cupp,* 182 Ark. 334, 31 S. W. 2d 396. The Chancellor correctly enjoined the establishment of the funeral home under the proof presented, and the decree is affirmed.